DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Henry G. Jones, was sentenced to a term of imprisonment by respondent, Judge Beverly Y. Pfeiffer, by judgment entry filed on February 1, 2001.[1] On November 26, 2002, relator filed a motion for resentencing and for declaratory judgment with the trial court. Relator contends the sentence set forth in that judgment entry does not match the sentence recommendation set forth in an "Entry of Guilty Plea" form he signed when sentence was imposed in open court on January 30, 2001. Respondent overruled relator's motions by entry filed on May 29, 2003. Relator did not appeal from the trial court's May 29, 2003 decision denying his motion for resentencing, and he did not appeal from the February 1, 2001 sentencing entry. Rather, on June 12, 2003, relator brought this original action seeking a writ of mandamus ordering respondent to correct the claimed discrepancy.[2]
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate recommended that relator's complaint be dismissed sua sponte for failure to state a claim upon which relief can be granted. The magistrate determined that relator had an adequate remedy at law by way of appeal from the denial of such a motion by the trial court.
 {¶ 3} Objections to a decision by a magistrate "shall be specific and state with particularity the grounds of objection." Civ.R. 53(E)(3)(b). Relator has filed objections, but they cannot be construed as specific or stated with particularity.[3]
Objections that merely reiterate arguments already presented and ruled upon do not meet the standards required by Civ.R. 53(E)(3)(b). State ex rel. Guess v. McGrath, Franklin App. No. 02AP-156, 2002-Ohio-4896. However, in the interest of justice we will attempt to address the general issues set forth by relator in his objections.[4]
 {¶ 4} In his complaint, relator states he filed this action in mandamus rather than file an appeal because speedy relief is necessary to correct a manifest injustice, i.e., his belief that he is being illegally detained. Mandamus is not a substitute for an appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 178. Mandamus is not available where a right of appeal existed and relator failed to take advantage of it. State exrel. Jones v. O'Neill, Franklin App. No. 01AP-1356, 2002-Ohio-2877. Habeas corpus, not mandamus, is the only remedy for relator's claim of entitlement to immediate release from prison. R.C. 2725.04; State ex rel. Johnson v. Ohio Parole Bd.
(1997), 80 Ohio St.3d 140.
 {¶ 5} Nor can a writ of mandamus be used to control the exercise of judicial discretion. R.C. 2731.03. Where a court has discretion to act, its only duty is to exercise that discretion, subject to review on appeal. Keenan, supra, at 180; State exrel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 119. A writ of mandamus will not lie to compel a court to reach any specific result. State ex rel. Midwest Pride IV, Inc. v. Pontious
(1996), 75 Ohio St.3d 565, 569. Therefore, relator's request for a writ seeking "to have Respondent honor directly and unconditionally the precise terms of the plea agreement" is without merit. (Objections, at 5.)
 {¶ 6} In the alternative, relator asks us to order respondent to permit him to withdraw his plea of guilty. (Complaint, at 6.) Relator claims that filing a motion to withdraw his plea of guilty with respondent would be futile, as it is his belief that such motion will be overruled. An appellate court is not permitted to presume how a lower court will rule on a matter within its discretion. State v. Kubik (Apr. 26, 1996), Geauga App. No. 94-G-1874. Relator's unsupported allegation of impropriety against respondent does not diminish the adequacy of his remedy at law, i.e., an appeal to this court from an unfavorable ruling below.
 {¶ 7} In State ex rel. White v. Suster, 101 Ohio St.3d 212,2004-Ohio-719, relator filed a complaint in mandamus, asking a court of appeals to compel a trial court to grant relator's petition for post-conviction relief to permit him to withdraw his guilty plea. The Supreme Court of Ohio upheld the court of appeals' denial of the writ, holding that the exclusive procedure by which relator could obtain the relief sought was to file a motion with the trial court, and to file an appeal if the motion was denied. Id. at ¶ 7. Therefore, relator's request of this court to order respondent to permit him to withdraw his guilty plea is without merit.
 {¶ 8} Following an independent review of the record, we find the magistrate has properly determined the facts and applied the appropriate legal standards. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law it contains. Relator's objections are hereby overruled. In accordance with the magistrate's recommendation, we sua sponte dismiss this original action in mandamus.
Objections overruled; case dismissed.
Bowman and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Henry G. Jones, : Relator, : v. : No. 03AP-588 Judge Beverly Y. Pfeiffer, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on July 18, 2003 IN MANDAMUS ON MOTION TO DISMISS SUA SPONTE {¶ 9} In this original action in mandamus, relator, Henry G. Jones, asks the court to issue a writ compelling respondent, Judge Beverly Y. Pfeiffer, to correct a judgment entry to honor the terms of a plea agreement.
 {¶ 10} For the reasons set forth below, the magistrate concludes that the complaint fails to state a claim on which relief in mandamus may be granted. Accordingly, the magistrate recommends that the court dismiss this action under Civ.R. 12(B)(6).
 Allegations in The Complaint {¶ 11} In the "Petition for Writ of Mandamus" (referred to herein as the complaint), relator does not list allegations of fact. However, there are factual allegations interspersed throughout the complaint, and the magistrate lists the principal ones below:
 {¶ 12} 1. Relator was the defendant in a criminal action in the Franklin County Court of Common Pleas, case number 00CR-3577, before respondent.
 {¶ 13} 2. He entered a plea agreement. The contractual terms were agreed to and signed by relator, relator's attorney, and the prosecutor. Respondent approved and signed the plea agreement.
 {¶ 14} 3. Several weeks later, respondent generated and entered a judgment entry, stating in pertinent part: "These sentences shall run concurrent with each count and consecutive with cases 98CR-5164 99CR-4217 and any other cases."
 {¶ 15} 4. Relator alleges that, to be consistent with the plea agreement, the entry should have stated as follows: "[T]hose sentences shall run concurrent with each count and consecutive with 98CR-5164 and 99CR-4217 and `CONCURRENT TO' ANY OTHERCASES." (Emphasis sic.)
 {¶ 16} 5. Relator is incarcerated in Chillicothe, Ohio, at the Ross Correctional Institution. Relator alleges that he has now served a longer time than agreed.
 {¶ 17} 6. According to the complaint, relator filed a motion asking respondent to correct the entry, but respondent denied his motion. Specifically, relator alleged as follows:
 {¶ 18} "* * * Petitioner submitted a Motion For resentencing and Motion for Declaratory Judgment, on 26 Nov 02, to request the trial court correct its Judgment Entry to honor the Plea Agreement. On 29 May 2003 the trial court denied Petitioner's motions. Prior to the trial court's denial of those motions, Petitioner's father, Eld. Henry G. Jones, also presented to the trial court and the Prosecutor a copy of the Plea Agreement. * * *"
 {¶ 19} 7. On June 12, 2003, relator filed the present action captioned "ORIGINAL ACTION IN MANDAMUS," seeking a writ compelling the trial court to correct its judgment entry immediately to honor the terms of the plea agreement and to enforce the plea agreement under the applicable laws, to insert the requested phrase "concurrent to" into the entry as indicated, to certify the corrected entry to the Ohio Department of Rehabilitation and Correction immediately, and to order the immediate release of relator. In the alternative, relator requests a writ ordering the trial court to permit him to withdraw his guilty plea and to order his immediate release.
 {¶ 20} 8. On July 2, 2003, relator filed a brief in support of his complaint. He stated, among other things, that he withdrew his request for a writ ordering his release from prison, but that he maintained his request for "an order directing the trial court to honor the Plea Agreement it approved and signed; or, in the alternative, to allow Relator to withdraw his guilty plea in accordance with Crim.R. 32.1."
 Conclusions of Law {¶ 21} For a writ of mandamus to issue, the relator must have a clear legal right to the relief requested, the respondent must be under a clear legal duty to perform the requested act, and the relator must have no plain and adequate remedy at law. E.g.,State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the purposes of Civ.R. 12(B)(6), the magistrate accepts the factual allegations of the complaint as if proven. Here, however, the allegations of the complaint indicate that relator has adequate remedies in the ordinary course of law and that, therefore, extraordinary relief in mandamus is not appropriate.
 {¶ 22} First, relator had an adequate remedy at law by means of an appeal. According to the complaint, relator filed a motion in the trial court requesting that the sentencing entry be corrected to honor the terms of the plea agreement and he further alleges that respondent denied that motion by entry dated May 29, 2003. Indeed, relator provided a file-stamped copy of the entry denying his motion. After that denial was entered, relator had the right to appeal by filing a notice of appeal in the ordinary course of law.
 {¶ 23} The present action, however, is not an appeal but an original action in mandamus. A complaint for an extraordinary writ is not a substitute for pursuing the right to appeal.E.g., State ex rel. Hunter v. Patterson (1996),75 Ohio St.3d 512, 514. Accordingly, mandamus relief cannot be granted in this action.
 {¶ 24} Further, the law provides that a criminal defendant may file a motion in the trial court to withdraw his guilty plea. There is nothing in the complaint to suggest that this remedy has been attempted or is not adequate. If relator has filed such a motion and it has been denied, an appellate remedy was available by filing a notice of appeal. However, the courts will not order extraordinary relief where the ordinary remedy at law has not been attempted. Accordingly, relief in mandamus cannot be granted upon the allegations of this complaint.
 {¶ 25} As for relator's request for immediate release from custody, that prayer for relief sounds in habeas corpus rather than mandamus, and an action in habeas corpus must be brought against the warden or other person actually holding relator in custody. See R.C. Chapter 2725. Also, relator stated that he is incarcerated in Chillicothe, Ohio, at the Ross Correctional Institution. Because this court is not a court "of the county in which the institution is located," it cannot issue a writ compelling his discharge from custody. R.C. 2725.03. In withdrawing his request for a writ ordering an immediate release, relator appears to have recognized that this court cannot issue a writ of habeas corpus pursuant to the present complaint.
 {¶ 26} For the foregoing reasons, the magistrate recommends sua sponte dismissal of this original action in mandamus.
 /s/ P.A. Davidson
P.A. DAVIDSON MAGISTRATE
[1] Sentence was imposed after relator entered a plea of guilty to three counts of falsification, one count of tampering, one count of forgery, and one count of tampering with records. At the request of the prosecutor, a nolle prosequi was entered as to the remaining 56 counts of the indictment.
[2] The state has not filed an answer, or any other responsive pleading, on behalf of respondent.
[3] In his objections, relator also attempts to reargue his motion for default judgment, which we overruled on August 28, 2003. For the reasons set forth in our original journal entry, our ruling remains unchanged.
[4] On October 1, 2003, relator filed a "judicial notice" wherein he contends R.C. 2701.02 requires this court to rule on his objections within 30 days. The 30-day time period in R.C. 2701.02
is directory only. State ex rel. Parra v. Skow (Apr. 15, 1999), Lucas App. No. L-99-1027. Neither R.C. 2701.02 or any rule of court superintendence creates a right in litigants to force courts to rule within time limits that are directory only. Stateex rel. Ticknor v. Randall (1949), 152 Ohio St. 129, 131.