DECISION
{¶ 1} Relator, Roger Rutan, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Judge John Bessey of the Franklin County Court of Common Pleas, to rule on both his petition to vacate or set aside his sentence and his motion for judgment on the pleadings in his underlying criminal case, State v. Rutan, Franklin C.P. No. 96CR-5041. *Page 2 
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. Relator has filed objections to the magistrate's decision. Thus, this matter is now before this court for a full, independent review.
 {¶ 3} Although relator has captioned this action as one seeking a writ of mandamus, what he actually seeks is a writ of procedendo. A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. See State ex rel. Daveyv. Owen (1937), 133 Ohio St. 96, 106; State ex rel. Ratliff v.Marshall (1972), 30 Ohio St.2d 101, 102; State ex rel. Miley v.Parrott (1996), 77 Ohio St.3d 64, 65. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. Id. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 4} Relator objects to the magistrate's finding of fact No. 7, which states in part that respondent filed a motion to dismiss or, in the alternative, for summary judgment on July 16, 2007. Relator states that he opposed respondent's request to file a responsive pleading instanter. In addition, he argues that the magistrate erred in not finding that respondent procedurally defaulted. Relator essentially challenges the magistrate's order filed August 29, 2007, granting respondent's motion for leave to file a responsive pleading instanter. *Page 3 
 {¶ 5} The record demonstrates that, on July 16, 2007, respondent requested that he be granted leave to file his responsive pleading instanter. In support of his motion for leave, respondent explained that the responsive pleading was not timely filed due to a clerical error. No default motion was pending at the time the motion to file the responsive pleading instanter was made. Considering these circumstances, we find that the magistrate did not err in granting respondent's motion for leave to file his responsive pleading instanter. See Civ.R. 6(B);Evans v. Chapman (1986), 28 Ohio St.3d 132 (finding no abuse of discretion in the granting of the party's motion to file answer brief instanter when the party alleged that "clerical errors" prevented the complaint from being transmitted to counsel and no default motion was pending at the time).
 {¶ 6} Relator also objects to the magistrate's conclusion that the trial court has lawfully performed the act which relator seeks to compel and that the trial court's decision denying his motion was not arbitrary and capricious. Essentially, relator argues that, while the trial court may have ruled upon his petition to vacate or set aside his sentence and his motion for judgment on the pleadings, its decisions denying said motions were incorrectly decided. Relator does not deny that the trial court has ruled upon his postconviction motions; relator simply disagrees with the trial court's ruling regarding those motions.
 {¶ 7} Although a writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment, "[i]t does not in any case attempt to control the inferior court as to what that judgment should be." State ex rel. Hansen v.Reed (1992), 63 Ohio St.3d 597, 600, quoting State ex rel. Davey v.Owen (1937), 133 Ohio St. 96, 106. Furthermore, neither a writ of procedendo nor a writ of *Page 4 
mandamus can be used as a substitute for an appeal. See State ex rel.Jones v. Pfeiffer, Franklin App. No. 03AP-588, 2004-Ohio-1462, citingState ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178;State ex rel. Key v. State (June 7, 1990), Franklin App. No. 90AP-57. Therefore, it would be inappropriate for this court, in this action, to address the merits of relator's postconviction motions. Moreover, as the trial court has performed the act which relator seeks to compel, there is no relief which this court can provide in this action. SeeStychno v. Yarbough (Mar. 2, 2001), Trumbull App. No. 2000-T-0142 (noting that "a writ of procedendo will not lie to compel a judicial officer to perform an act which he already completed").
 {¶ 8} After independently reviewing this matter, we find that the magistrate has properly discerned the pertinent facts. Therefore, we adopt the magistrate's findings of fact as our own. However, we do not adopt the magistrate's conclusions of law, as they address the merits of relator's postconviction motions. Nonetheless, because respondent has performed the act which relator seeks to compel, we agree with the ultimate conclusion of the magistrate; i.e., that summary judgment in favor of respondent is appropriate. Accordingly, we overrule relator's objections to the magistrate's decision, grant respondent's motion for summary judgment, and deny the requested writ of mandamus.
Objections overruled; motion for summary judgment granted; writdenied.
 SADLER, P.J., and KLATT, J., concur. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION
Rendered August 29, 2007
 IN MANDAMUS ON MOTIONS {¶ 9} Relator, Roger Rutan, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Judge John Bessey of the Franklin County Court of Common Pleas, to rule on his petition to vacate or set aside both his sentence and his motion for judgment on the pleadings in his underlying criminal case, State v.Rutan, Franklin C.P. No. 96CR-5041. *Page 6 
Findings of Fact: {¶ 10} 1. Relator is an inmate currently incarcerated at the London Correctional Institution.
 {¶ 11} 2. Relator had been indicted on 52 separate counts in September 1996.
 {¶ 12} 3. In December 1996, a jury found relator guilty on 23 counts. Relator was sentenced in February 1997.
 {¶ 13} 4. On June 7, 2006, relator sought post-conviction relief in the trial court. Specifically, relator filed a petition to vacate his sentence alleging that his due process rights were violated at trial because the prosecutor lost or destroyed exculpatory evidence and that witness statements had been withheld from him as non-exculpatory prosecutorial work product pursuant to Crim.R. 16(B)(1)(g).
 {¶ 14} 5. In March 2007, relator filed a motion for judgment on the pleadings.
 {¶ 15} 6. In April 2007, relator filed this original action requesting that this court issue a writ of mandamus ordering respondent to rule on his petition and motion.
 {¶ 16} 7. Respondent filed a motion to dismiss or, in the alternative, for summary judgment on July 16, 2007. Respondent attached to that motion the July 13, 2007 entries denying relator's petition to vacate or set aside sentence and for judgment on the pleadings. As such, respondent seeks judgment in its favor on grounds that respondent has now performed the act which relator sought to compel.
 {¶ 17} 8. Relator has filed a memorandum wherein he argues that the issue has not been rendered moot because respondent's decision to deny his motions was arbitrary and capricious and issued solely to avoid embarrassment when this court issued a writ of mandamus. *Page 7 
 {¶ 18} 9. The matter is currently before the magistrate.
Conclusions of Law: {¶ 19} In reality, what relator actually seeks from this court is a writ of procedendo ordering the trial court to rule on his motions. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 20} For the following reasons, it is this magistrate's decision that this court should grant summary judgment in favor of respondent.
 {¶ 21} Although relator argues that respondent's decision denying his motions was arbitrary and capricious, the magistrate disagrees. In that decision, the trial court related that counsel for relator knew about the statements which relator now alleges were withheld from him by the prosecution. In fact, relator attached to his memorandum contra pages from the trial court transcript showing that his counsel asked about these statements at trial. Apparently, the prosecution had indicated that if there had been any tape recordings or other written statements, they no longer existed and could not be provided. In denying his motions, the trial court specifically pointed out that the issues raised had been raised at the trial court level and, as such, relator could have raised those issues on appeal. It is undisputed that neither a writ of procedendo nor a writ of mandamus can be used in place of an appeal. As such, the magistrate finds that the trial court properly determined this issue and relator's contention otherwise is not well-taken. *Page 8 
 {¶ 22} Furthermore, inasmuch as respondent has now performed the act which relator seeks to compel, there is no relief which this court can provide.
 {¶ 23} Based on the foregoing, it is this magistrate's conclusion that this court should grant summary judgment in favor of respondent. *Page 1