[Cite as *State ex rel. Turner v. Dept. of Rehab. & Corr.*, 2014-Ohio-2789.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Donald Turner, | : | |
| Relator, | : | |
| v. | : | No. 13AP-911 |
| Department of Rehabilitation and Correction, Adult Parole Authority, and Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on June 26, 2014

*Donald Turner*, pro se.

*Michael DeWine*, Attorney General, and *Peter L. Jamison*, for respondents.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, P.J.

{¶ 1} Relator, Donald Turner, an inmate of the Lebanon Correctional Institution, commenced this original action requesting a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction, Ohio Adult Parole Authority, and the Bureau of Sentence Computation to "eliminate" from their records all references to a sentence imposed upon relator for an alleged "indeterminate period" by the Cuyahoga County Court of Common Pleas pursuant to relator's May 10, 1970 plea of guilty to aggravated assault. Respondents filed a motion to dismiss.

## I. BACKGROUND

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate determined that this action is barred by a plain and adequate remedy at law.  Therefore, the magistrate recommended that this court grant respondents' motion to dismiss.

## II. RELATOR'S OBJECTION

{¶ 3}    Relator filed the following objection to the magistrate's decision:

> The Magistrate has erred in his findings and he has further misconstrued Relator's mandamus action as one that challenges the sentencing court imposition of an "indeterminate period" [SIC] rather than a statutory sentence as required by law.

## III. DISCUSSION

{¶ 4}    Relator's petition alleges his 1970 sentence was not properly imposed because "[t]here being no such thing as a sentence for 'an indeterminate period' in the State of Ohio."  (Petition, ii.)  Because this mandamus action is based on the alleged improper sentence, we disagree with relator's assertion that the magistrate has misconstrued the nature of his petition.  Moreover, as stated by this court in *State ex rel. Hughley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-244, 2010-Ohio-1585, "this court cannot now review the validity of the sentence because a direct appeal was the proper vehicle for relator to challenge it, and mandamus is not a substitute for a direct appeal."  *Id.* at ¶ 4, citing *State ex rel. Jones v. O'Neill*, 10th Dist. No. 01AP-1356, 2002-Ohio-2877, ¶ 5; *State ex rel. Rutan v. Bessey*, 10th Dist. No. 07AP-316, 2007-Ohio-6856, ¶ 7.

{¶ 5}    Upon review, we find the magistrate has neither misconstrued relator's mandamus action nor erred in his conclusion that relator is not entitled to mandamus relief.  Accordingly, we overrule relator's objection to the magistrate's decision.

## IV. CONCLUSION

{¶ 6}    Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate has properly stated the pertinent facts and applied the appropriate law.  Therefore, we overrule

relator's objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we grant respondents' motion to dismiss relator's petition for writ of mandamus.

*Objection overruled;*
*petition for writ of mandamus dismissed.*

TYACK and O'GRADY, JJ., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Donald Turner, | : | |
| Relator, | : | |
| v. | : | No. 13AP-911 |
| Department of Rehabilitation and Correction, Adult Parole Authority, and Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 29, 2014

---

*Donald Turner*, pro se.

*Michael DeWine*, Attorney General, and *Peter L. Jamison*, for respondents.

---

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 7} In this original action, relator, Donald Turner, an inmate of the Lebanon Correctional Institution ("LCI"), requests a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction, Ohio Adult Parole Authority, and the Bureau of Sentence Computation to "eliminate" from their records all references to a sentence imposed upon relator for an alleged "indeterminate period" by the Cuyahoga County Court of Common Pleas, pursuant to relator's alleged plea of guilty allegedly accepted by the common pleas court on May 10, 1970 for aggravated assault. Relator

has not attached to his complaint a copy of the court's sentencing entry of which he complains. *See* Civ.R. 10(D).

Findings of Fact:

{¶ 8} 1. On October 25, 2013, relator, an LCI inmate, filed this original action against respondents.

{¶ 9} 2. In his complaint, relator alleges that, on January 28, 1970, he was arrested on a charge of aggravated assault, a violation of R.C. 2901.241.

{¶ 10} 3. In his complaint, relator alleges that he pleaded guilty to the aggravated assault charge before the Cuyahoga County Court of Common Pleas ("common pleas court"), and that his plea was accepted by the court on May 10, 1970.

{¶ 11} 4. According to the complaint, the common pleas court sentenced relator to an "indeterminate period" without specifying the indeterminate period to be served.

{¶ 12} 5. According to the complaint, respondents have treated the sentencing entry as having imposed a sentence of one-to-five years based upon the statute relator was found to have violated.

{¶ 13} 6. According to the complaint, respondents lacked authority to interpret the sentencing entry as having imposed an indeterminate sentence of one-to-five years in the absence of specific language in the sentencing entry as to the period of the indeterminate sentence.

{¶ 14} 7. For the relief demanded, the complaint asks this court to issue a writ of mandamus ordering respondents to "eliminate" from all their records all references to the sentence imposed.

{¶ 15} 8. On December 23, 2013, respondents moved for dismissal of this action.

{¶ 16} 9. On January 16, 2014, relator filed a memorandum in opposition to the motion to dismiss.

Conclusions of Law:

{¶ 17} It is the magistrate's decision that this court grant respondents' motion to dismiss.

{¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the

plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 19} Mandamus will not lie where the relator has a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 20} Here, relator asserts that the sentencing entry is defective because allegedly it imposed an "indeterminate sentence" without specifying the term of the sentence.    Relator alleges that, without authority, respondents have treated the sentencing entry as imposing a one-to-five year indeterminate sentence.

{¶ 21} Unmistakenly, such sentencing entry was subject to a direct appeal. Mandamus is not a substitute for a direct appeal. *State ex rel. Hughley v. Ohio Dept. of Rehab. Corr.,* 10th Dist. No. 09AP-244, 2010-Ohio-1585, ¶ 4, citing *State ex rel. Jones v. O'Neill,* 10th Dist. No. 01AP-1356, 2002-Ohio-2877.

{¶ 22} Accordingly, this action is barred by a plain and adequate remedy at law by way of direct appeal.

{¶ 23} It is therefore the magistrate's decision that this court grant respondents' motion to dismiss.


/S/  MAGISTRATE
KENNETH W. MACKE


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).