[Cite as *State ex rel. Sevilla v. Cocroft*, 2021-Ohio-4280.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jesus Sevilla, | : | |
| Relator, | : | |
| v. | : | No. 21AP-167 |
| Franklin County Common Pleas Court Judge Kimberly Cocroft, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 7, 2021

**On Brief:** *Jesus Sevilla,* pro se.

**On Brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Charles R. Ellis,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

JAMISON, J.

{¶ 1} Relator, Jesus Sevilla, an inmate in the custody of the Chillicothe Correctional Institution, has filed this original action seeking a writ of procedendo ordering respondent, Judge Kimberly Cocroft of the Franklin County Court of Common Pleas, to issue a ruling on relator's motion to vacate.

**I. Facts and Procedural History**

{¶ 2} Relator filed a motion to vacate on October 9, 2020, and the state filed a memorandum opposing defendant's motion to vacate on November 17, 2020, in criminal case No. 05 CR 4630. On April 20, 2021, relator filed a complaint for writ of procedendo. On April 23, 2021, respondent issued a decision and entry denying relator's motion to vacate filed October 9, 2020. On April 27, 2021, respondent filed a motion to dismiss

relator's complaint pursuant to Civ.R. 12(B)(6), contending relator's request for a writ of procedendo is moot. Respondent attached to the motion a final judgment entry issued on relator's motion to vacate.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision on June 14, 2021, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that the trial court issued a decision–the act prayed for in relator's motion–that the complaint is moot and fails to state a claim for which relief can be granted. Therefore, the magistrate granted the motion to dismiss and denied the writ. No objections have been filed to that decision.

{¶ 4} "If no timely objections are filed, the court may adopt a magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). *See*, *e.g.*, *State ex rel. Armengau v. French*, 10th Dist. No. 16AP-223, 2016-Ohio-5342, ¶ 3 ("Finding no error or other defect on the face of the magistrate's decision, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law."). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Civ.R. 53(D)(4)(b).

{¶ 5} For a writ of procedendo, relator "must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Sherrills v. Common Pleas,* 72 Ohio St.3d 461 (1995). A writ of procedendo is generally proper when a court has "refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7. If the court then enters judgment, the complaint for a writ of procedendo becomes moot. *State ex rel. Brust v. French*, 10th Dist. No. 20AP-188, 2021-Ohio-927, ¶ 6.

{¶ 6} Respondent attached a copy of the decision and judgment entry in the underlying criminal case as an exhibit to the motion to dismiss. We are permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether a complaint for a writ of procedendo is moot. *State ex rel. Hillman*

*v. Brown*, 10th Dist. No 17AP-836, 2018-Ohio-2409; *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 12 MA 218, 2013-Ohio-428, ¶ 8 ("[the] appellate court can take judicial notice that the requested act has been performed"). *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (discussing appropriateness of taking judicial notice of public records that may render original actions moot). *State ex rel. S.Y.C. v. Floyd*, 8th Dist. No. 109602, 2020-Ohio-5189, ¶ 9 (Judge Floyd attached certified copies of judgment entries that demonstrated the disposition of S.Y.C.'s pending motions.).

{¶ 7} "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, ¶ 7; *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, ¶ 4; *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, ¶ 6. As the trial court has performed the action which relator seeks to compel, there is no relief which this court can provide in this action. *See Stychno v. Yarbough,* 11th Dist. No. 2000-T-0142, 2001 Ohio App. LEXIS 788 (Mar. 2, 2001) (noting that "a writ of procedendo will not lie to compel a judicial officer to perform an act which he already completed"). *State ex rel. Rutan v. Bessey*, 10th Dist. No. 07AP-316, 2007-Ohio-6856, ¶ 7.

{¶ 8} Pursuant to Civ.R. 53(D)(4)(c), the recommendation of the magistrate is adopted and incorporated, including the findings of fact and the conclusions of law. Respondent's motion to dismiss is granted. Relator's complaint for writ of procedendo is denied as moot.

*Motion to dismiss granted;*
*writ of procedendo denied.*

DORRIAN, P.J., and BEATTY BLUNT, J., concur.

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jesus Sevilla, | : | |
| Relator, | : | |
| v. | : | No.  21AP-167 |
| Franklin County Common Pleas Court Judge Kimberly Cocroft, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 14, 2021

*Jesus Sevilla,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Charles R. Ellis,* for respondent.

### IN PROCEDENDO ON RESPONDENT'S MOTION TO DISMISS

{¶ 9}    Relator, Jesus Sevilla, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Kimberly Cocroft, to issue a ruling on relator's October 9, 2020, motion to vacate.

Findings of Fact:

{¶ 10} 1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 11} 2. Relator is a prisoner incarcerated at Chillicothe Correctional Institution.

{¶ 12} 3. On October 9, 2020, relator filed a motion to vacate in Franklin C.P. No. 05CR-4630, over which respondent presided.

{¶ 13} 4. Relator filed his complaint in procedendo with this court on April 20, 2021.

{¶ 14} 5. On April 23, 2021, respondent filed a decision and entry denying relator's motion to vacate.

{¶ 15} 6. On April 27, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent has already ruled on relator's motion to vacate.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion and dismiss relator's complaint.

{¶ 17} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*,

4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 19} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 20} In the present matter, respondent has performed the act that relator sought to compel, *i.e.*, ruling on relator's October 9, 2020, motion to vacate. Therefore, procedendo will not lie.

{¶ 21} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).