[Cite as *State ex rel. Allen v. Miller*, 2024-Ohio-2346.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. John Allen, III, | : | |
| Relator, | : | |
| | : | No. 24AP-86 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Honorable] Andy Miller, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *John Allen, III*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondent.

IN PROCEDENDO

LUPER SCHUSTER, J.

{¶ 1} Relator, John Allen, III, initiated this original action seeking a writ of procedendo ordering respondent, the Honorable Andy Miller, judge of the Franklin County Court of Common Pleas, to issue a ruling on certain motions. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined respondent had issued a judgment on the matters listed in Allen's complaint, and the procedendo action is, therefore, moot. Thus, the magistrate recommended this court sua sponte dismiss Allen's complaint.

**{¶ 3}** No party has filed objections to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision unless it determines that there is an error of law or other defect evidence on the face of the decision."  Civ.R. 53(D)(4)(c).  The case is now before this court for review.

**{¶ 4}** Upon review, we find no error of law or other defect on the face of the magistrate's decision.  Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we sua sponte dismiss Allen's petition for a writ of procedendo.

*Motion to dismiss moot*;
*case dismissed*.

MENTEL, P.J., and JAMISON, J., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. John Allen III, | : | |
| Relator, | : | |
| v. | : | No. 24AP-86 |
| | : | |
| [Honorable] Andy Miller, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 1, 2024

*John Allen III*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondent.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 5} Relator, John Allen III, seeks a writ of procedendo ordering respondent, the Honorable Andy Miller, judge of the Franklin County Court of Common Pleas, to issue a ruling on certain motions filed by relator.

## I. Findings of Fact

{¶ 6} 1. Relator is an inmate incarcerated at Madison Correctional Institution in London, Ohio.

{¶ 7} 2. Respondent is a public official currently serving as a judge of the Franklin County Court of Common Pleas.

{¶ 8} 3. Relator was the defendant in *State v. John Allen III*, Franklin C.P. No. 21CR-2221 ("Case No. 21CR-2221").[1] Respondent was the presiding judge in that case.

{¶ 9} 4. On September 21, 2023, relator filed a motion in Case No. 21CR-2221 with the following caption: "Defendant's Motion for Trial Court to Dispose of the Entire Action in the Case and to Provide Defendant with a Final, Appealable Order Pursuant to Crim.R. 32(C), and [R.C.] 2505.02, with de novo sentencing hearing requested."

{¶ 10} 5. On January 2, 2024, relator filed a motion in Case No. 21CR-2221 with the following caption: "Motion to Dismiss Final Appealable Order Motion Pursuant to Crim.R. 47."

{¶ 11} 6. On January 17, 2024, relator filed a motion in Case No. 21CR-2221 with the following caption: "Defendant's Motion to Proceed to Judgment Regarding Defendant's September 21, 2023, Motion for Trial Court to Dispose of the Entire Action in the Case and to Provide Defendant with a Final, Appealable Order Pursuant to Crim.R. 32(C), with De Novo Sentencing Hearing Requested."

{¶ 12} 7. On January 25, 2024, respondent issued a decision and entry in Case No. 21CR-2221 granting relator's January 2, 2024 motion, ordering withdrawn relator's September 21, 2023 motion, and denying as moot relator's January 17, 2024 motion.

{¶ 13} 8. Relator commenced this procedendo action by filing his complaint on February 1, 2024. In his complaint, relator alleges that his September 21, 2023 motion remains pending in the common pleas court. Relator also notes that he filed the January 2, 2024 and January 17, 2024 motions. Relator requests that this court issue an order compelling respondent to dispose of relator's September 21, 2023 motion and "any and all

---

[1] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8; *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798; Evid.R. 201(B). With regard to actions in procedendo, a court is permitted to consider the record of the trial court in determining whether the respondent has already performed the act sought in the complaint. *State ex rel. Sevilla v. Cocroft*, 10th Dist. No. 21AP-167, 2021-Ohio-4280, ¶ 6. As the common pleas court's docket is publicly available online and not subject to reasonable dispute, the magistrate takes judicial notice of the docket in Case No. 21CR-2221 for purposes of determining whether respondent has already performed the act sought in the complaint.

motions that are connected" to such motion. (Compl. at 3.) Relator points to the Supreme Court of Ohio's Rules of Superintendence for the Courts of Ohio in arguing that respondent has a clear legal duty to proceed. Relator also alleges he has no adequate remedy at law.

{¶ 14} 9. Respondent filed a motion to dismiss on February 27, 2024.

## II. Discussion and Conclusions of Law

Relator seeks a writ of procedendo ordering respondent to issue a ruling on certain motions.

### A. Elements of Procedendo

{¶ 15} In order to demonstrate entitlement to a writ of procedendo, a relator must establish: (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the absence of an adequate remedy at law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, ¶ 20. "A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

### B. Mootness

{¶ 16} " 'It is the duty of every judicial tribunal to decide actual controversies' and withhold advice upon moot questions." *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 168 Ohio St.3d 154, 2022-Ohio-2833, ¶ 9, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). An action becomes moot " ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See The Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 35 ("An action may be rendered moot when the litigant receives the relief sought before completion of the lawsuit."). "Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." *Gaylor* at ¶ 11. *See State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 7 (stating that "a case is not moot if an actual controversy remains between the litigants"). Absent an applicable exception to mootness, when the actual controversy

in the case ceases to exist, the court "must dismiss the case as moot." *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 7.

## C. Analysis

{¶ 17} In his complaint, relator seeks a writ of procedendo directing respondent to rule on relator's September 21, 2023 motion in Case No. 21CR-2221. Relator also mentions the January 2, 2024 and January 17, 2024 motions in his complaint and seeks an order directing respondent to rule on other motions connected to the September 21, 2023 motion. From this, the magistrate construes his request for relief in procedendo as encompassing the January 2, 2024 and January 17, 2024 motions in Case No. 21CR-2221 as well. On January 25, 2024, respondent issued a decision and entry granting relator's January 2, 2024 motion, ordering withdrawn relator's September 21, 2023 motion, and denying as moot relator's January 17, 2024 motion.[2] Because respondent has issued a judgment on the matters listed in relator's complaint, this action is moot. *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, ¶ 7 ("Procedendo will not compel the performance of a duty that has already been performed."). *See State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, ¶ 6; *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, ¶ 9. Ohio courts, including this court, have held that sua sponte dismissal of a procedendo action is appropriate where the relief requested has been performed. *State ex rel. Harding v. Costello*, 168 Ohio St.3d 1484, 2022-Ohio-4670; *State ex rel. Herrick-Hudson, LLC v. Corrigan*, 157 Ohio St.3d 1500, 2019-Ohio-4768; *State ex rel. Lyons v. Skinner*, 10th Dist. No. 19AP-815, 2020-Ohio-3008, ¶ 3; *State ex rel. Cleve v. Sutula*, 8th Dist. Cuyahoga No. 111677, 2022-Ohio-2590, ¶ 14 ("A court may sua sponte dismiss a moot action * * * because procedendo may not be used to compel an act that has already been performed."). Therefore, because this procedendo action is moot, it is subject to sua sponte dismissal.

---

[2] The magistrate notes that respondent issued the January 25, 2024 decision and entry prior to relator's filing of his complaint in procedendo.

## D. Conclusion

{¶ 18} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint in procedendo should be dismissed sua sponte. Respondent's February 27, 2024 motion to dismiss is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.