THE STATE EX REL. GRAHAM, APPELLANT, *v.* NIEMEYER, JUDGE, APPELLEE.

[Cite as *State ex rel. Graham v. Niemeyer,*
106 Ohio St.3d 466, 2005-Ohio-5522.]

(No. 2005-0716—Submitted September 28, 2005—Decided November 2, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of procedendo.

{¶ 2} On February 22, 2005, appellant, Nathan Graham, an inmate, filed a complaint in the Court of Appeals for Hancock County. Graham sought a writ of procedendo to compel appellee, Hancock County Court of Common Pleas Judge Joseph H. Niemeyer, to conduct an evidentiary hearing and rule on a new-trial motion in Graham's criminal case. On March 15, 2005, Judge Niemeyer denied Graham's motion because it was not timely filed. Judge Niemeyer then answered Graham's procedendo complaint and moved for summary judgment.

{¶ 3} On April 6, 2005, the court of appeals dismissed the complaint.

{¶ 4} We affirm the judgment of the court of appeals. "A writ of procedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Bortoli v. Dinkelacker,* 105 Ohio St.3d 133, 2005-Ohio-779, 823 N.E.2d 448, ¶ 3. Judge Niemeyer has ruled on Graham's motion for new trial, and insofar as Graham challenges that ruling, he has or had an adequate remedy by appeal.

{¶ 5} Moreover, Graham failed to comply with R.C. 2969.25(A)(1) because his affidavit of prior civil actions did not contain a "brief description of the nature of

the civil action[s] or appeal[s]" that he specified. Graham's noncompliance with R.C. 2969.25 warranted dismissal. *State ex rel. Norris v. Giavasis,* 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶ 4. R.C. 2969.25 applies to procedendo claims. *State ex rel. Kimbro v. Glavas,* 97 Ohio St.3d 197, 2002-Ohio-5808, 777 N.E.2d 257, ¶ 3.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.