[Cite as *State ex rel. Peterson v. Durkin*, 2013-Ohio-428.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel.<br>CHRISTOPHER STANLEY, | ) | |
| | ) | CASE NO.    12 MA 218 |
| RELATOR, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| JUDGE LOU D'APOLITO, MAHONING<br>COUNTY COMMON PLEAS COURT, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Relator's Petition for Writ of Procedendo; Respondent's Combined Answer and Motion to Dismiss.

JUDGMENT:    Petition for Writ of Procedendo Denied; Motion to Dismiss Granted.

APPEARANCES:
For Relator:    Christopher Stanley, *Pro Se*
#443-303
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901

For Respondent:    Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  January 18, 2013

PER CURIAM:

¶{1}    Relator Christopher Stanley has filed a petition for a writ of procedendo against the sentencing judge in his criminal case, alleging that the judge has failed to rule on his motion for resentencing.  "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment."  *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

¶{2}    As background, Relator was indicted for attempted murder, rape, and aggravated burglary in the year 2000.  On December, 31, 2002, Relator pled no contest to these three counts.  In a March 3, 2003 entry, the court sentenced Relator to five years for attempted murder, eight years for rape, and five years for aggravated burglary, all to run consecutively.  This court affirmed the convictions upon hearing Relator's direct appeal.  *See State v. Stanley*, 7th Dist. No. 03MA42, 2004-Ohio-6801.

¶{3}    On November 20, 2009, Relator filed a motion for resentencing in the trial court, arguing that the sentencing entry failed to state the terms of post-release control.  When the trial court had not ruled upon his motion by April of 2010, Relator filed a petition for a writ of mandamus asking this court to order the trial court to rule on his resentencing motion.

¶{4}    On July 1, 2010, we dismissed the complaint due to a procedural issue involving the absence of a statement from the institutional cashier.  *State v. Stanley*, 7th Dist. No. 10MA66, 2010-Ohio-3371, ¶ 9.  We also discussed how issues regarding notice of post-release control are for the trial court, pointing out how we did not have the sentencing hearing transcript before us.  *Id.* at ¶ 17.  We then alternatively opined that Relator's motion had not been pending overly long and concluded that mandamus does not lie merely because a trial court violates Sup.R. 40(A)(3), which directs a court to rule on a pending motion within 120 days.  *Id.* at ¶ 18-20.

¶{5}    On December 12, 2012, Relator filed the within petition seeking a writ of procedendo.  He asks that we order the trial court to rule on his November 20, 2009 motion for resentencing.  He states that an inordinate amount of time has now passed since his motion and since his last request for extraordinary relief.

¶{6}   In their Combined Answer and Motion to Dismiss, the state responds that the trial court disposed of Relator's motion when it issued an amended sentencing entry on October 18, 2012, wherein the court added in pertinent part the following language to the judgment:

¶{7}   "At the time of his no contest plea and during his sentencing hearing, Defendant was advised pursuant to O.R.C. 2929.19 and O.R.C. 2967.28 that this sentence includes a mandatory period of five years of post-release control to be supervised by the Adult Parole Authority subject to all laws, and all rules, regulations, and other conditions imposed by the Adult Parole Authority.  Defendant was also advised of punishments for violations of Post Release Control and that such punishments are included within this sentence pursuant to O.R.C. 2929.19, 2929.141, and 2967.28 as follows:  a period of post release control supervised by the Adult Parole Authority is mandatory in this case.  The post release control period will be for a term of five years.  A violation of any post release control rule or condition can result in the imposition of a more restrictive post release control sanction, and/or an increase in the duration of post release control up to the maximum duration set forth above, and/or re-imprisonment for up to nine months for each violation, not to exceed a cumulative maximum of ½ of the total prison term imposed herein.  If Defendant violates the law or commits another felony while on a period of post release control, an additional prison term consisting of the maximum period of unserved time remaining on post release control or twelve months, whichever is greater, will be imposed and must be served consecutively to any prison sentence imposed for a new felony committed by Defendant."

¶{8}   As the state points out, a writ of procedendo cannot compel a court to perform a duty that it has already performed.  *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998).  And, the appellate court can take judicial notice that the requested act has been performed.  *Id.*

¶{9}   Although the trial court did not explicitly grant Relator's motion in a separate entry admitting that it failed to fully address post-release control in its original sentencing entry, the court did issue a new sentencing entry fully addressing the matter of post-release control.  By issuing the amended entry to add the previously

omitted post-release control information, the trial court ruled on Relator's November 20, 2009 motion for resentencing, which raised these omissions.

**¶{10}** When the trial court issued the new sentencing entry without holding a new sentencing hearing, the trial court implicitly denied any suggestion in Relator's motion that he should receive a new sentencing hearing. *See, e.g., SER Hughley v. Berens*, 5th Dist. No. 2009-CA-24, 2009-Ohio-3277, ¶ 5-6 (dismissal for lack of subject matter jurisdiction implicitly denied motion for default judgment; so, no writ could be issued to compel performance of an act already completed). Consequently, there is no motion left for the trial court to rule on. As such, Relator's request for a writ of procedendo is denied.

**¶{11}** Since Relator's petition makes no mention of the amended sentencing entry, it appears he was unaware of its issuance. This may be because notice of the entry was sent to two attorneys, who previously represented him, but was not sent to him in prison from wherein he was acting *pro se*. Because the motion for resentencing was filed *pro se*, notice should have been sent to him personally as well. As such, we hereby order the clerk to issue new notice of the trial court's October 18, 2012 amended sentencing entry to Relator and to note service on the docket according to the date he was served in prison.

**¶{12}** Final Order. Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.