[Cite as *State ex rel. Yantis v. Dept. of Rehab. & Corr.*, 2017-Ohio-8590.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Yantis, | : | |
| Relator, | : | |
| v. | : | No. 17AP-483 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on November 16, 2017

*Michael Yantis*, pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

TYACK, P.J.

{¶ 1} Michael Yantis filed this action in mandamus seeking a writ to compel the Ohio Department of Rehabilitation and Correction to recalculate his release date from prison.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate reviewed the documents filed by Yantis and issued a magistrate's decision, appended hereto, which recommended that this case be dismissed because Yantis has not complied with R.C. 2969.25.

{¶ 3} No party has objected to the magistrate's decision.

{¶ 4} Upon review of the magistrate's decision, we find no error of law or fact. We, therefore, adopt the magistrate's decision, including its findings of fact and conclusions of law.

{¶ 5}   As a result, we dismiss this action in mandamus.

*Action in mandamus dismissed.*

**KLATT and SADLER, JJ., concur.**

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Michael Yantis, | : | |
| Relator, | : | |
| v. | : | No. 17AP-483 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 1, 2017

*Michael Yantis,* pro se.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 6}   In this original action, relator, Michael Yantis, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("respondent" or "ODRC"), to recalculate his release date from prison such that he would be released on June 24, 2017.

<u>Findings of Fact</u>:

{¶ 7}   1. On July 7, 2017, relator, an RCI inmate, filed this mandamus action against respondent.  Relator alleges that respondent has miscalculated his release date from prison by failing to properly credit the jail time on two concurrent sentences.

{¶ 8}   2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 9} 3. With his complaint, relator filed a motion for leave to proceed in forma pauperis. See Loc.R. 13(B). The motion is supported by an affidavit stating that relator has "no means of financial support and no assets of any value and therefore, only receive the state pay provided to me for exchange of my work assignment and cannot afford to pay for any legal services, fees, or costs in the above styled case."

{¶ 10} In the affidavit, relator requests that "the filing fee and security deposit, if applicable, be waived."

{¶ 11} 4. However, with his complaint, relator failed to file a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. See R.C. 2969.21(C)(1).

{¶ 12} 5. With his complaint, relator filed an affidavit captioned "Affidavit of Prior Civil Actions" that relator executed on June 26, 2017.

> The affidavit sets forth five enumerated paragraphs that aver:
>
> [One] Affiant is currently incarcerated at the Ross Correctional Institution from a commitment order by the Franklin County Court of Common Pleas and has commenced a Civil Action against a government agent in the Court of Common Pleas, Franklin County, State of Ohio.
>
> [Two] Affiant states that he has commenced 1 Civil Actions, or Appeals of Civil Actions, over the past five (5) years, pursuant to Ohio Revised Code 2969.25(A) consisting of the following: writ of mandamus, Franklin County, case no. 16AP-50.
>
> [Three] Affiant states that none of the aforesaid Civil Actions, or Appeals of Civil Actions were declared Frivolous or Malicious in nature.
>
> [Four] Affiant states that he has provided this "AFFIDAVIT OF PRIOR CIVIL ACTIONS" and the attached "**PETITION FOR THE ISSUANCE OF WRIT OF MANDAMUS**" to the Ross Correctional Institution's Cashier's Office so the Cashier can attach a Certified Copy of Michael Yantis Institutional Account Balance, as well as a statement certifying that Affiant has no additional assets to pay for the filing or cost of this Civil Action, all pursuant to Ohio Revised Code 2969.25(C).

> [Five] Affiant states that then the Cashier will forward the Affiant's documents to the Ross Correctional Institution's Mail Room to be sent to this Honorable Court by Regular U.S. Mail.

(Emphasis sic.)

Conclusions of Law:

{¶ 13} It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.

{¶ 14} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate

is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

### R.C. 2969.25(C)

{¶ 15} As earlier noted, relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. Although relator filed a motion for leave to proceed in forma pauperis and an affidavit in support, relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C)(1). The requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the complaint to dismissal. *State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081; *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859.

{¶ 16} Moreover, relator cannot cure the deficiency by filing a delayed R.C. 2969.25(C)(1) statement as he indicates he will do by having the RCI cashier forward documents to the RCI mail room. *Boles.*

{¶ 17} **R.C. 2969.25(A)**

{¶ 18} Relator's endeavor to comply with the mandatory filing requirements at R.C. 2969.25(A) has also failed. As indicated earlier, in his document captioned "Affidavit of Prior Civil Actions," relator avers at paragraph one that he has commenced a civil action against a government agent in the Franklin County Court of Common Pleas. However, relator fails to present a brief description of the nature of the common pleas court action as required by R.C. 2969.25(A)(1). Relator fails to present the case name and the case number of the common pleas court action as required by R.C. 2969.25(A)(2). Relator fails to name the parties to the common pleas court action as required by R.C. 2969.25(A)(3).

{¶ 19} As indicated earlier, relator avers at paragraph two of his affidavit that he has commenced a civil action which he identifies as "writ of mandamus, Franklin County, case

no. 16AP-50."  In that regard, the affidavit fails to name the parties to the civil action as required by R.C. 2969.25(A)(3).  The affidavit also fails to state the outcome of the civil action as required by R.C. 2969.25(A)(4).

{¶ 20}  Relator's failure to meet the mandatory filing requirements set forth at R.C. 2969.25(A) requires dismissal of this action.  See *State ex rel. Aliane v. Sheward,* 10th Dist. No. 02AP-480, 2002-Ohio-5970.

{¶ 21}  Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).