[Cite as *Hillman v. Brown*, 2018-Ohio-2409.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert L. Hillman, | : | |
| Relator, | : | |
| v. | : | No. 17AP-836 |
| Franklin County Common Pleas Judge, Mr. Jeffrey M. Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 21, 2018

**On brief**: *Robert L. Hillman,* pro se.

**On brief**: *Ron O'Brien,* Prosecuting Attorney, for respondent.

IN PROCEDENDO
ON OBJECTION TO THE MAGISTRATE'S DECISION

BROWN, P.J.

{¶ 1} Relator, Robert L. Hillman, an inmate, has filed a pro se original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Jeffrey M. Brown, a judge of the Franklin County Court of Common Pleas, to "proceed to judgment" with respect to a complaint and affidavit relator filed, pursuant to R.C. 2935.09 and 2935.10, accusing another common pleas judge of a criminal offense.

{¶ 2} This court referred the matter to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court dismiss this action for failure to comply with R.C. 2969.25(A). Relator has filed

a pro se objection to the magistrate's decision arguing he should have been allowed to amend his pleading to comply with R.C. 2969.25.

{¶ 3} Relator seeks a writ of procedendo with respect to an "Affidavit of Accusation and Criminal Complaint" he filed on November 29, 2016 in Franklin C.P. No. 16MS-674, alleging that a common pleas judge "deliberately committed the crimes of * * * obstructing official business." Relator subsequently filed several motions in case No. 16MS-674, requesting the trial court to proceed to judgment on his affidavit and complaint. On November 28, 2017, relator filed the instant original action in this court.

{¶ 4} In general, "[a] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St.3d 461, 462 (1995). However, " '[a] writ of procedendo will not issue to compel the performance of a duty that has already been performed.' " *State ex rel. Graham v. Niemeyer,* 106 Ohio St.3d 466, 2005-Ohio-5522, ¶ 4, quoting *State ex rel. Bortoli v. Dinkelacker*, 105 Ohio St.3d 133, 2005-Ohio-779, ¶ 3. An appellate court "can take judicial notice that the requested act has been performed." *State ex rel. Stanley v. D'Apolito,* 7th Dist. No. 12 MA 218, 2013-Ohio-428, ¶ 8, citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252, 253 (1998).

{¶ 5} In the instant action, we take judicial notice of the fact that, subsequent to the filing of this action, the trial court issued a decision and entry in case No. 16MS-674 on February 9, 2018, ruling on appellant's "Affidavit of Accusation and Criminal Complaint." Because respondent has ruled on the affidavit and complaint in case No. 16MS-674, the petition for writ of procedendo before this court is rendered moot. Similarly, relator's objection to the magistrate's decision is rendered moot and we do not address it.

{¶ 6} Based on the foregoing, the decision of the magistrate is vacated, relator's objection is moot, and relator's request for a writ of procedendo is dismissed.

*Action dismissed.*

DORRIAN and BRUNNER, JJ., concur.

—————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Robert L. Hillman, | : | |
| Relator, | : | |
| v. | : | No. 17AP-836 |
| Franklin County Common Pleas Judge, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 12, 2018

*Robert L. Hillman,* pro se.

*Ron O'Brien,* Prosecuting Attorney, for respondent.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 7} In this original action, relator, an inmate of the Chillicothe Correctional Institution ("CCI"), requests a writ of procedendo ordering respondent, the Honorable Jeffrey Brown, a judge of the Franklin County Court of Common Pleas ("common pleas court"), "to proceed to judgment" with respect to an affidavit relator allegedly filed pursuant to R.C. 2935.09 in which he accuses another common pleas court judge of a criminal offense.

<u>Findings of Fact</u>:

{¶ 8} 1. On November 28, 2017, relator, a CCI inmate, filed this original action for a writ of procedendo against respondent.

{¶ 9}  2. In this original action, relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 10} 3. With his complaint, relator filed an affidavit of indigency that he executed on October 25, 2017.

{¶ 11} 4. With his complaint, relator filed a four-page document captioned "Chillicothe Correctional Institution, Inmate Demand Statement."  The statement is certified by the CCI institutional cashier.

{¶ 12} 5. With his complaint, relator filed his affidavit that he executed October 25, 2017.  The affidavit states "within the past (5) years these are my civil filings." Thereunder, relator provides eight paragraphs.  The last four paragraphs which the magistrate shall enumerate, state:

> [Five] On June 1, 2015 relator filed in the Franklin County Common Pleas Court a civil complaint against the Franklin County Clerk of Court titled Robert L. Hillman-vs-Maryellen O'Shaughnessy case No. 15CV-4626 before Judge O'Donnell[.] The case is now under appeal in the Ohio Supreme Court.
>
> [Six] On June 9, 2016 relator filed a[n] application for a writ of procedendo in the Franklin County Court of Appeals case No. 14AP-436 concerning court costs imposed by the Common Pleas Court.
>
> [Seven] On [November] 13, 2017 case No. 17AP-793 writ of procedendo in Hillman-vs-Beatty.
>
> [Eight] On [April] 13, 2017 relator filed for a writ of procedendo within the Ohio Supreme Court case No. 17-0503 titled Hillman-vs-Franklin County Common Pleas Court Administrator, case is still pending and 17-0626.

Conclusions of Law:

{¶ 13} It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.

{¶ 14} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate

shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51ofthe Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 15} Paragraph five of the civil actions affidavit states that, on June 1, 2015, relator filed an action in the common pleas court against the Franklin County Clerk. The case number (15CV-4626) is listed as well as the common pleas court judge assigned to the case. However, paragraph five fails to give a brief description of the nature of the civil action, as required by R.C. 2969.25(A)(1).

{¶ 16} Paragraph five ends with the statement "the case is now under appeal in the Ohio Supreme Court." The case number of the appeal to the Supreme Court of Ohio is not given. Also, the nature of the appeal is not given. Thus, paragraph five fails to satisfy the requirements of R.C. 2969.25(A) with respect to the civil action and appeal that relator endeavors to describe at paragraph five.

{¶ 17} Paragraph six of the civil actions affidavit states that relator filed a petition for a writ of procedendo in this court on June 9, 2016 which was assigned case No. 14AP-436. Allegedly, the action concerned court costs imposed by the common pleas court. Paragraph six fails to state the outcome of the action and, thus, fails to satisfy the requirements of R.C. 2969.25(A)(4).

{¶ 18} Paragraph seven of the civil actions affidavit simply states "On [November] 13, 2017 case No. 17AP-793 writ of procedendo in Hillman-vs-Beatty." Paragraph seven fails to name the court and to give the outcome of the action.

{¶ 19} Paragraph eight of the civil actions affidavit makes reference to case No. "17-0626." The online docket of the Supreme Court of Ohio shows that case No. 2017-0626 is assigned to an action in prohibition that relator filed there. Thus, in paragraph eight of the civil actions affidavit, relator's reference to case No. "17-0626" fails to name the court or describe the nature of the action or state the outcome.

{¶ 20} The filing requirements of R.C. 2969.25(A) are mandatory, and failure to comply with them subjects the complaint to dismissal. *State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081; *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859; *State ex rel. Walker v. Sloan,* 147 Ohio St.3d 353, 2016-Ohio-7451; *State ex rel. Yantis v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 17AP-483, 2017-Ohio-8590.

{¶ 21} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).