[Cite as *State ex rel. Hillman v. Brown*, 2019-Ohio-3106.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Robert L. Hillman, | | |
| Relator, | : | |
| v. | : | No. 18AP-707 |
| Franklin County Common Pleas Judge Jeffrey Brown, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on August 1, 2019

*Robert L. Hillman,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

BRUNNER, J.

{¶ 1} Relator, Robert L. Hillman, an inmate of the Chillicothe Correctional Institution, commenced this original action seeking a writ of procedendo ordering respondent, the Honorable Jeffrey Brown, a judge of the Franklin County Court of Common Pleas, to rule in accordance with the January 26, 2018 remand from this Court regarding Hillman's case in the Franklin C.P. No. 15CV-2664. For the reasons that follow, we adopt the magistrate's decision, granting Judge Brown's motion to dismiss and denying the requested writ.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Hillman's underlying civil case was transferred to Judge Brown on February 14, 2018. Hillman filed this procedendo action on September 18, 2018, at which

time the trial court had not issued an order pursuant to this Court's January 26, 2018 remand order.

{¶ 3}   On October 25, 2018, Judge Brown issued a decision and entry regarding Hillman's case. Pursuant to this Court's instructions on remand, Judge Brown considered whether Hillman had made a meritorious allegation of perjury. Judge Brown concluded that Hillman's affidavit failed to provide the trial court "any specific, articulable facts beyond Hillman's mere  suspicion, belief, or opinion" that a certain police officer had committed perjury. (Oct. 25, 2018 Decision & Entry 15CV-2664 at 13.)  Judge Brown found that Hillman's affidavit failed to demonstrate probable cause that the police officer had committed perjury and lacked a meritorious claim. Consequently, Judge Brown declined to issue a warrant for the police officer's arrest for the crime of perjury and referred the matter to the Franklin County Prosecuting Attorney for investigation.

{¶ 4}   On October 26, 2018, Judge Brown filed a motion to dismiss this procedendo action, attaching thereto the October 25, 2018 decision and entry.

{¶ 5}   This Court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On December 21, 2018, the magistrate issued a decision, appended hereto, including findings of facts and conclusions of law. The magistrate found that Judge Brown had entered into the record a decision and entry on the matter that Hillman sought to compel by a writ of procedendo and that this constituted performance of the government act that Hillman sought. The magistrate concluded, therefore, that there is no action which this Court can order Judge Brown to perform, and the matter is moot. The magistrate recommended that this Court grant Judge Brown's motion to dismiss and dismiss Hillman's procedendo action. The magistrate also recommended that this Court waive filing fees.

{¶ 6}   Also on December 21, 2018, the magistrate issued an order denying Judge Brown's motion for more definite statement filed October 2, 2018 on the basis of mootness.

{¶ 7}   Hillman filed no objection to the magistrate's decision.

## II. LAW AND DISCUSSION

{¶ 8}   To be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v.*

*Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* The magistrate's decision properly states, "[p]rocedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995)." (App'x at ¶ 24.)

{¶ 9}   The record before us shows that Judge Brown issued a decision and entry pursuant to this Court's January 28, 2018 remand order and thus performed the act which Hillman had sought to compel through this procedendo action. Therefore, we agree with the magistrate that there is no action that this Court can order Judge Brown to perform, and the matter is moot.

## III.  CONCLUSION

{¶ 10}   Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  On review of the magistrate's decision, an independent review of the record and the applicable law, we grant Judge Brown's motion to dismiss and dismiss Hillman's application for a writ of procedendo.  This Court waives Hillman's filing fees in this matter.

*Motion to dismiss granted;*
*application for writ of procedendo dismissed;*
*motion for more definite statement moot.*

LUPER SCHUSTER and HANDWORK, JJ., concur.

HANDWORK, J., retired, formerly of the Sixth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. Robert L. Hillman,          :

      Relator,                                  :

v.                                            :                No. 18AP-707

Franklin County Common Pleas                  :                (REGULAR CALENDAR)
Judge Jeffrey Brown,
                                              :
      Respondents.                             
                                              :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 21, 2018

---

*Robert L. Hillman,* pro se.

*Michael DeWine,* Attorney General, and *Bryan B. Lee,* for respondent.

---

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 11} Relator, Robert L. Hillman, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Jeffrey Brown, judge of the Franklin County Court of Common Pleas, to rule in accordance with the remand from this court regarding his case in Franklin County Court of Common Pleas case No. 15CV-2664.
Findings of Fact:

{¶ 12} 1. Relator is an inmate currently incarcerated at the Chillicothe Correctional Institution.

{¶ 13}  2.  Relator filed this procedendo action on September 18, 2018.

{¶ 14}  3.  Relator's underlying civil action has been dismissed by the trial court three times.

{¶ 15}  4.  Relator has challenged those dismissals in this court three times and has been successful each time.

{¶ 16}  5.  The third time, this court reversed and remanded the case was with instructions for the trial court to consider whether relator had made a meritorious allegation of perjury based on his affidavit and documentation in the record which he submitted in support thereof.  This court's judgment entry was filed January 26, 2018.

{¶ 17}  6. That same day, relator filed a motion for change of venue and, on February 14, 2018, the administrative judge transferred the case from Judge Beatty Blunt to respondent herein, Judge Jeffrey Brown.

{¶ 18}  7.  Because respondent had not yet entered a decision and entry pursuant to this court's most recent remand, relator filed this procedendo action.

{¶ 19}  8.  On October 26, 2018, respondent filed a motion to dismiss.  Attached thereto is the October 26, 2018 decision, entry, and order on remand.  Pursuant to this court's instructions on remand, respondent considered whether relator had made a meritorious allegation of perjury.  Ultimately, the trial court concluded that relator's affidavit failed to provide any specific, articulable facts beyond his mere suspicion that Officer Larrison committed perjury.  Therefore, the trial court declined to issue a warrant for Officer Larrison's arrest for the crime of perjury, and referred the matter to the Prosecuting Attorney of Franklin County Ohio for investigation.

{¶ 20}  9.  Relator has not filed a memorandum opposing respondent's motion to dismiss.

Conclusions of Law:

{¶ 21} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's procedendo complaint.

{¶ 22} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996).  A writ of procedendo is appropriate when a

court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 23} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 24} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 25} As indicated in the findings of fact, respondent has issued a decision and entry regarding that which relator sought to compel by the filing of this procedendo action. Because respondent has now performed the act which relator sought to compel by the filing of this procedendo action, there is no action which this court can order respondent to perform, and the matter is moot.

{¶ 26} Based on the foregoing, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's procedendo action. However, inasmuch as the trial court performed the act which relator sought to compel by the filing of this procedendo action after the filing of relator's complaint, it is this magistrate's decision that this court should waive filing fees for relator.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).