[Cite as *State ex rel. Brust v. French*, 2021-Ohio-927.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Shawn K. Brust, | : | |
| Relator, | : | No. 20AP-188 |
| v. | : | (REGULAR CALENDAR) |
| Judge Jenifer French, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 23, 2021

*Shawn K. Brust*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

ZAYAS, J.

{¶ 1} Relator, Shawn K. Brust, an inmate in the custody of the Marion Correctional Institution, commenced on March 27, 2020 this original action seeking a writ of procedendo to compel respondent, Judge Jenifer French, of the Franklin County Court of Common Pleas, to proceed to final judgment in a civil case he filed to recover bailed property (his car and its contents).

{¶ 2} On June 9, 2020, respondent filed a motion to dismiss relator's complaint contending relator's request for a writ of procedendo is moot. Respondent attached to the motion a final judgment entry issued in the bailment case dated April 13, 2020 and relator's notice of appeal of that decision.

{¶ 3}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision on September 9, 2020, including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded that because the trial court issued a decision—the act prayed for in relator's original action—the complaint is moot and fails to state a claim for which relief can be granted.  Therefore, the magistrate granted the motion to dismiss and denied the writ.  No objections have been filed to that decision.

{¶ 4}    "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). *See, e.g., State ex rel. Armengau v. French*, 10th Dist. No. 16AP-223, 2016-Ohio-5342, ¶ 3 ("Finding no error or other defect on the face of the magistrate's decision, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law."). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."  Civ.R. 53(D)(4)(b).

{¶ 5}    Having reviewed the magistrate's decision, we initially note a nonmaterial error evident in the magistrate's tenth finding of fact, which references the respondent's attachment of the "April 14, 2020" judgment; respondent's filings show "April 13, 2020" is the correct date of the referenced judgment.  (Mag's. Decision at Finding of Fact 10; Memo. in Support of Motion to Dismiss at 1, Ex. A.)  The magistrate's decision is modified to reflect the correct judgment date.  Civ.R. 53(D)(4)(b).

{¶ 6}    Otherwise, we find no defect evident on the fact of the magistrate's decision and we agree with the magistrate's conclusions of law.  Although a writ of procedendo is generally proper when a court has "refused to enter judgment or has unnecessarily delayed proceeding to judgment," if the court then enters judgment, the complaint for a writ of procedendo becomes moot. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7, 13.  *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, ¶ 2 ("Procedendo will not compel the performance of a duty that has already been performed.").

{¶ 7}    In this case, respondent provided the decision and judgment entry in the underlying civil case as an attachment to the motion to dismiss; the trial court's judgment

can also be found online on the public case docket.  We are permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether a complaint for a writ of procedendo is moot.  *State ex rel. Hillman v. Brown*, 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4, quoting *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 12 MA 218, 2013-Ohio-428, ¶ 8 ("An appellate court 'can take judicial notice that the requested act has been performed.' "). *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10-11 (discussing appropriateness of taking judicial notice of public records that may render original actions moot).

{¶ 8}  Therefore, pursuant to Civ.R.  53(D)(4)(c), we adopt the decision of the magistrate as our own, including the findings of fact as modified herein, and the conclusions of law. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and deny relator's request for a writ of procedendo. *State ex rel. Page v. Phipps*, 10th Dist. No. 19AP-347, 2020-Ohio-5487, ¶ 3; *State ex rel. Hillman v. Brown*, 10th Dist. No. 18AP-707, 2019-Ohio-3106, ¶ 1.

*Motion to dismiss granted;*
*writ of procedendo denied.*

KLATT, and BEATTY BLUNT, J., concur.

ZAYAS, J., of the First Appellate District, sitting by assignment
in the Tenth Appellate District.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Shawn K. Brust, | : | |
| Relator, | : | |
| v. | : | No. 20AP-188 |
| Judge Jenifer French, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 9, 2020

---

*Shawn k. Brust*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

---

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 9} Relator, Shawn K. Brust, brings this original action seeking a writ of procedendo ordering respondent, Judge Jenifer French of the Franklin County Court of Common Pleas, to proceed to judgment on relator's pending motion for partial summary judgment in an action brought by relator against the Franklin County Sheriff's Office to recover bailed property.

Findings of Fact:

{¶ 10} 1.  Relator is an inmate in custody of the Ohio Department of Rehabilitation and Corrections at Marion Correctional Institution in Marion, Ohio.

{¶ 11} 2. Respondent is a judge of the Franklin County Court of Common Pleas.

{¶ 12} 3. Aggrieved by loss of the contents of a vehicle impounded by a Franklin County Sheriff's deputy in the course of relator's criminal proceedings, relator filed a complaint in the court of common pleas on December 24, 2014 bringing a claim for breach of bailment. This case was docketed as common pleas case No. 14CV-13459 and under that number has survived all attempts to extinguish it.

{¶ 13} 4. On February 3, 2015, the court of common pleas dismissed relator's civil complaint.

{¶ 14} 5. On December 8, 2015, this court reversed and remanded the matter to the court of common pleas for further proceedings.

{¶ 15} 6. On December 1, 2016, the court of common pleas again dismissed relator's civil complaint.

{¶ 16} 7. On December 19, 2017, this court again reversed the court of common pleas in part and remanded the matter to the court of common pleas for further proceedings in case No. 14CV-13459. *Brust v. Franklin Cty. Sheriff's Office,* 10th Dist. No. 16AP-881, 2017-Ohio-9128.

{¶ 17} 8. On January 26, 2018, relator filed in the court of common pleas a motion for partial summary judgment on his bailment claims. Respondent did not immediately rule on the motion because of the interposition of various other pleadings submitted by relator.

{¶ 18} 9. Relator commenced the present action in procedendo on March 27, 2020, seeking a writ compelling the court of common pleas to rule on his motion for summary judgment.

{¶ 19} 10. On June 9, 2020, respondent filed a motion to dismiss this original action for failure to state a claim, attaching a copy of respondent's April 14, 2020 judgment denying relator's motion for summary judgment and dismissing relator's civil action based on the sheriffs pleading that the bailment claim was barred by the statute of limitations.

{¶ 20} 11. The Supreme Court of Ohio's procedural stay on pending court matters arising out of the COVID-19 health emergency expired on July 30, 2020. Relator has not filed a memorandum in opposition to the motion to dismiss.

Conclusions of Law:

{¶ 21} A Civ.R. 12(B)(6) motion is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Loc. School Dist. v. Kiger,* 42 Ohio St.3d 116, 117 (1989). In considering the motion to dismiss, a court may only consider the complaint itself and any written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys.,* 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Indus.,* 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno,* 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). The court may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus.

{¶ 22} A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.,* 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk* Co., 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger* & *Reminger* Co. *L.P A.,* 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶ 23} In order to obtain his writ of procedendo, relator must establish a clear legal right that the court of common pleas proceed to rule on his motion, a clear legal duty on the part of the court of common pleas to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461-62 (1995).

{¶ 24} However, a writ will not issue to compel the performance of a duty that has already been performed. *State ex rel. Graham v. Neimeyer,* 106 Ohio St.3d 466, 2005-Ohio-5522, ¶ 4. This court can take judicial notice that the requested act has been

performed. *State ex rel. Hillman v. Brown,* 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4-5, citing *State ex rel. Stanley v. D'Apolito,* 7th Dist. No. 12MA218, 2013-Ohio-428, ¶ 8, citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252-53 (1998). In matters such as this, it is appropriate for this court to take judicial notice of respondent's final disposition of the matter underlying this case. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4 798, ¶ 10.

{¶ 25} Because respondent has performed the act prayed for in relator's complaint seeking a writ of procedendo, that complaint has become moot and fails to state a claim for which relief can be granted. *Graham* at ¶ 4. It is therefore the magistrate's decision that the matter has become moot, relator's complaint for a writ of procedendo therefore fails to state a claim, the motion to dismiss is granted, and the writ is accordingly denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).