[Cite as *State ex rel. Welch v. Aveni*, 2022-Ohio-1038.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vincent Welch, | : | |
| Relator, | : | No. 21AP-501 |
| v. | : | (REGULAR CALENDAR) |
| Judge Carl A. Aveni, II, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 29, 2022

**On brief:** *Vincent Welch,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Andrea C. Hofer,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Vincent Welch, brings this original action seeking a writ of mandamus to compel respondent, the Honorable Carl A. Aveni, II, Judge of the Franklin County Court of Common Pleas, to issue a final appealable order in his criminal case.

{¶ 2} This court referred the matter to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate considered the action and issued a decision that includes findings of fact and conclusions of law, which is appended hereto. The magistrate determined that the act respondent seeks to compel has

already been performed, rendering this original action moot, and leaving this court without jurisdiction over the matter. Thus, the magistrate has recommended that this court grant the motion to dismiss, dismiss the complaint, and deny the request for a writ of mandamus.

{¶ 3} Relator has filed objections to the magistrate's decision. Because relator has filed objections, we must independently review the record and the magistrate's decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Having reviewed the record and the magistrate's decision pertaining to same and finding no error on the part of the magistrate in his determinations of the facts, we hereby adopt the magistrate's findings of fact in their entirety. Furthermore, we overrule relator's objections to the magistrate's conclusions of law and adopt the magistrate's decision as our own, as explained below.

{¶ 4} A Civ.R. 12(B)(6) motion to dismiss a complaint in mandamus tests the suffiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, this court must take all material allegations as admitted and construe all reasonable inferences in favor of the relator as the nonmoving party. *Id.* "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 5} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) relator has a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the act requested; and (3) relator has no plain and adequate remedy in the ordinary course of law. *State ex*

*rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). The burden is on relator to establish all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 155 Ohio St.3d 316, 2018-Ohio-4668, ¶ 6.

{¶ 6} It is well-settled that a writ of mandamus will not lie to compel an act that has already been performed. *State ex rel. Lee v. Montgomery*, 88 Ohio St.3d 233, 237 (2000), citing *State ex rel. Crim v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 38 (1999). Furthermore, an appellate court may " 'take judicial notice that the requested act has been performed.' " *State ex rel. Hillman v. Brown,* 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4-5, quoting *State ex rel. Stanley v. D'Apolito,* 7th Dist. No. 12 MA 218, 2013-Ohio-428, ¶ 8, citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252, 253 (1998).

{¶ 7} Turning to relator's complaint in this case, relator seeks a writ of mandamus compelling respondent to "issue a final order from which relator may appeal." (Compl. at ¶ 15.) Relator alleges there was no final appealable order entered in his prior criminal case because the sentencing order issued by respondent's predecessor in the trial court failed "to address the five specifications charged within the indictment." *Id.* at ¶ 5-6. Notably, in his objections, relator asserts that the number of "unresolved" specifications has inexplicably increased to 14. In any event, relator's allegations are insufficient to withstand respondent's Civ.R. 12(B)(6) motion to dismiss. This is so because, as the magistrate correctly found, respondent's predecessor who presided over the criminal case has already entered a final and appealable judgment, an act of which we may take judicial notice.

{¶ 8} Specifically, the judicial and procedural history of this matter readily evinces that on January 30, 1996, the trial court issued a sentencing entry in respondent's criminal case Franklin C.P. No. 94CR-5867 after relator entered a guilty plea to one count of involuntary manslaughter and one count of aggravated burglary. As the magistrate

correctly found, relator did not pursue a direct appeal from his conviction. (Mag.'s Decision at ¶ 13.)

{¶ 9}   As the magistrate also correctly found, this court has repeatedly treated the January 30, 1996 sentencing entry as a final and appealable order–first in 2010 in a memorandum decision denying relator's request for leave to file a delayed appeal (*see State v. Welch*, 10th Dist. No. 09AP-914 (Jan. 14, 2010)), and as recently as 2020 in a decision affirming the trial court's denial of relator's motion to vacate his 1996 sentence (*see State v. Welch*, 10th Dist. No. 19AP-753, 2020-Ohio-5447).  As we observed in *Welch*, 2020-Ohio-5447, ¶ 15, "[i]n criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated," quoting *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 9, citing *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 13.

{¶ 10}  Relator argues in his objections that a final appealable order was never issued in the underlying criminal case in the first instance, and therefore res judicata cannot apply. But relator could have timely filed an appeal on these grounds, yet he chose not to do so. Res judicata is wholly applicable in a case such as this, and relator's objections are hereby overruled.  Furthermore, because a final and appealable order has already been issued in relator's criminal case, relator's request for a writ of mandamus is entirely moot and his complaint fails to state a claim upon which relief may be granted.

{¶ 11} Having conducted an examination of the magistrate's decision and an independent review of the record pursuant to Civ.R. 53, we find the magistrate properly applied the relevant law to the salient facts in reaching the conclusion that this case must be dismissed for failure to state a claim.  Accordingly, we overrule relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions

of law contained therein; we grant respondent's motion to dismiss; and we dismiss this action in mandamus.

*Objections overruled; motion to dismiss granted;*
*complaint for writ of mandamus dismissed.*

KLATT and MENTEL, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vincent Welch, | : | |
| Relator, | : | |
| v. | : | No. 21AP-501 |
| Judge Carl A. Aveni, II, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 24, 2021

---

*Vincent Welch,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Andrea C. Hofer,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12}  Relator, Vincent Welch, seeks a writ of mandamus ordering respondent, the Honorable Carl A. Aveni, II, judge of the Franklin County Court of Common Pleas, to issue a final appealable order in his criminal case.  Respondent has moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

Findings of Fact:

{¶ 13} 1. Facing multiple criminal counts set forth in a 1994 indictment, including aggravated murder, relator entered a guilty plea to one count of involuntary manslaughter and one count of aggravated burglary. The trial court in case No. 94CR-5867 sentenced relator to concurrent terms of 5 to 25 years by entry of January 30, 1996, to be served consecutively to sentences imposed in contemporaneous proceedings in federal court. Relator did not pursue at that time a direct appeal from his conviction.

{¶ 14} 2. In 1997, relator requested a transcript of his plea hearing and sentencing. The docket does not reflect any subsequent activity immediately related to this request.

{¶ 15} 3. The Federal Bureau of Prisons noted the Franklin County Sheriff's request for a detainer in a "Detainer Action Letter" filed in relator's common pleas case on May 31, 2000.

{¶ 16} 4. With his federal sentence nearing expiration and resulting transfer to serve his Ohio sentence imminent, relator filed a notice of appeal and motion for leave to file delayed appeal to this court on September 29, 2009. This court denied leave to appeal, noting that relator had provided no explanation or justification for his failure to pursue a timely appeal at the time of conviction. *State v. Welch*, 10th Dist. No. 09AP-914 (Jan. 14, 2010) (memorandum decision).

{¶ 17} 5. Relator filed a motion in the trial court on February 23, 2010 to vacate his sentence. The trial court denied the motion by decision and entry dated March 24, 2010, stating no reasons other than the finality of the 1996 sentencing entry. Relator did not pursue an appeal from that judgment.

{¶ 18} 6. Relator filed a new motion in the trial court to vacate his sentence for voidness in 2019. The trial court denied his motion by decision and entry dated October 8, 2019. Relator appealed to this court, which affirmed, finding no infirmity in the 1996 proceedings. This court noted that relator's plea was knowing and voluntary, the trial court had jurisdiction at the time of sentencing, and res judicata barred relitigation of issues that could have been raised on direct appeal. *State v. Welch*, 10th Dist. No. 19AP-753, 2020-Ohio-5447.

{¶ 19} 7. Relator filed his complaint in mandamus in this court on October 5, 2021, again asserting that the 1996 sentencing entry was fatally defective for various reasons and

void as a matter of law.  While the complaint does not furnish a lower court case number and lacks other pertinent information such that it would typically be subject to dismissal sua sponte, respondent does not contest that the object of relator's grievance is readily discernable.

{¶ 20}  8.  Respondent filed his motion to dismiss on November 1, 2021.  Relator has not filed a timely response.

Discussion and Conclusions of Law:

{¶ 21}  Relator seeks a writ ordering the trial court to enter final judgment in his criminal case.  To obtain a writ of mandamus, a relator must show a clear legal right to the relief sought and a clear legal duty on the part of the respondent to provide that relief, in conjunction with the absence of a plain and adequate remedy in the ordinary course of the law.  *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967); *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).  Jurisdiction and venue for an original action in mandamus lie with this court pursuant to the Ohio Constitution, Article IV, Section 3(B)(1)(b); R.C. 2731.02 and 149.43(C)(1)(b).

{¶ 22}  However, a writ will not issue to compel the performance of a duty that has already been performed.  *State ex rel. Graham v. Niemeyer,* 106 Ohio St.3d 466, 2005-Ohio-5522, ¶ 4.  An appellate court can " 'take judicial notice that the requested act has been performed.' "  *State ex rel. Hillman v. Brown,* 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4-5, quoting *State ex rel. Stanley v. D'Apolito,* 7th Dist. No. 12MA218, 2013-Ohio-428, ¶ 8, citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252, 253 (1998).

{¶ 23}  As suggested by respondent's motion, the magistrate takes judicial notice that respondent's predecessor who presided over the case has entered final judgment.  The alleged defects in relator's sentence have been examined and rejected by the trial court and this court on multiple occasions as described above.  This court specifically treated the 1996 sentencing entry as a final appealable order in 2010 and again in 2020.  Res judicata precludes any attack upon that previous determination in a mandamus action; mandamus is not a substitute for an appeal of which the relator failed to avail himself.  *State ex rel. Lee v. Montgomery*, 10th Dist. No. 98AP-1516 (Sept. 9, 1999).  As a result, the magistrate concludes that the present original action has become moot because relator seeks to compel

the trial court to act, and the trial court has long since done so. This court having jurisdiction only over live controversies, this original action must be dismissed for lack of jurisdiction. *State ex rel. Cincinnati Enquirer v. Hunter,* 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4. It is the magistrate's decision and recommendation that this court grant respondent's motion, dismiss relator's complaint, and thereby deny the requested writ.


/S/ MAGISTRATE
MARTIN L. DAVIS

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).